IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM TITUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:17-cv-01297-NJR-GCS |
| v. | ) |
| | ) |
| DAVID MITCHELL, SHAUN REIMAN, | ) |
| BRADLEY SADLER, DONNIE KELLER, | ) |
| JOHN HARRISON, JOHN TOURVILLE, | ) |
| GEORGE WELBORN, WILLIAM QUALLS, | ) |
| KELLIE ELLIS, JAMES RIGDON, LUCAS | ) |
| MAUE, DANIEL LEE, JAMES MALLOY, | ) |
| PHILLIP SHIELDS, CLETUS MCGHEE, | ) |
| JANE DOE MENTAL HEALTH WORKER, | ) |
| MARTHA M. OAKLEY, MEDICAL | ) |
| TECHNICIAN JANE DOES 1 and 2, and | ) |
| WARDEN JACQUELINE LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff, Adam Titus, by his attorney, Joy N. Johns of Quarles & Brady LLP, respectfully brings this action for damages against the named defendants, and submits the following as his Second Amended Complaint:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Eight and Fourteenth Amendments to the United States Constitution.

2. This court has subject matter jurisdiction over this action under 28 USC § 1331, 28 U.S.C. § 1343(a)(3)-(4), and 28 U.S.C. § 1367.

3. This court has personal jurisdiction over defendants because all defendants have sufficient minimum contacts with Illinois through either being domiciled or conducting business in Illinois.

4. Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391 because all Defendants are Illinois citizens and a significant portion of the transaction or occurrence occurred in the Southern District of Illinois.

## PARTIES

5. Plaintiff Adam Titus ("Plaintiff") is a 34-year-old citizen of the United States who was an inmate at the Menard Correctional Center, 711 E. Kaskaskia St., Menard, IL 62259, from approximately April 5, 2017 to June 16, 2017. Plaintiff is currently an inmate at the Stateville Correctional Center, 16830 IL-53, Crest Hill, IL 60403.

6. Defendant David Mitchell ("Lieutenant Mitchell") is, on information and belief, an employee of the Illinois Department of Corrections ("IDOC") in the position of lieutenant at the Menard Correctional Center ("Menard"), and was employed during Plaintiff's incarceration at Menard and present at Menard on June 16, 2017.

7. Defendants Shaun Reiman, Bradley Sadler, Donnie Keller, John Harrison, John Tourville, George Welborn, William Qualls, Kellie Ellis, Lucas Maue, Daniel Lee, James Mallory, and Phillip Shields (collectively "Correctional Officer Defendants") are, on information and belief, employees of the IDOC in the position of lieutenant, sergeant, or correctional officer at Menard, and were employed during Plaintiff's incarceration at Menard and present at Menard on June 16, 2017.

8. Defendants James Rigdon and Cletus McGhee (collectively "Sergeant Defendants") are, on information and belief, employees of IDOC in the position of sergeant at Menard, and were employed during Plaintiff's incarceration at Menard and present at Menard on June 16, 2017.

9. Defendant Jane Doe Mental Health Worker is, on information and belief, an employee practicing at the Menard health care unit, and was employed during Plaintiff's incarceration at Menard and present at Menard on June 16, 2017.

10. Defendant Martha M. Oakley is, on information and belief, an employee practicing at the Menard health care unit, was employed during Plaintiff's incarceration at Menard, and was present at Menard and observed Plaintiff at Menard on June 16, 2017.

11. Defendants Jane Doe Medical Technicians 1 and 2 are, on information and belief, employees practicing at the Menard health care unit, and were employed during Plaintiff's incarceration at Menard and present at Menard on June 16, 2017.

12. Defendant Jacqueline Lashbrook ("Warden Lashbrook") is an employee of IDOC in the position of Warden, and was employed during Plaintiff's incarceration at Menard.

13. Each of the Defendants named above is being sued in his or her individual capacity.

14. In all of their actions, Defendants were acting under the color of state law and pursuant to their individual authority.

**FACTS COMMON TO ALL COUNTS**

15. On June 16, 2017, Plaintiff was participating in recreational activities at the Menard gym with a group of inmates.

16. After the recreation period ended, Plaintiff and fellow inmates were led from the gym area back to the West Cell House.

17. Prior to escorting inmates to the West Cell House, and unbeknownst to Plaintiff or the inmates that were present in the gym, a physical altercation occurred between

3

the Correctional Officer Defendants, Lieutenant Mitchell, and Sergeant Defendants and other inmates at Menard.

18.     As a result of the prior physical altercation with a different inmate, Correctional Officer Defendants, Lieutenant Mitchell, and Sergeant Defendants were agitated and seeking to provoke altercations with other inmates at Menard.

19.     While Plaintiff and other inmates were led from the gym to the West Cell House, they were approached by Correctional Officer Defendants, Lieutenant Mitchell, and Sergeant Defendants, who began to "shake down" and harass Plaintiff and other inmates.

20.     As the shake down occurred, Plaintiff complied with all orders and requests made by the Defendants.

21.     During the shake down, a physical altercation broke out between the Correctional Officer Defendants, Lieutenant Mitchell, and Sergeant Defendants and another inmate who was being led to the West Cell House.

22.     While the altercation occurred, a number of Correctional Officer Defendants including, but not limited to, Daniel Lee, Shaun Reiman, John Tourville, Robert Hughes, James Malloy, and Lucas Maue grabbed Plaintiff and tackled him to the ground,.

23.     The Correctional Officer Defendants placed Plaintiff in handcuffs while he was on the ground.

24.     Once Plaintiff was handcuffed, Correctional Officer Defendants, including but not limited to Daniel Lee, Shaun Reiman, John Tourville, Robert Hughes, James Malloy, and Lucas Maue, began to repeatedly punch Plaintiff in the face and beat him in the back.

25. Correctional Officer Defendants, including but not limited to Daniel Lee, Shaun Reiman, John Tourville, Robert Hughes, James Malloy, and Lucas Maue, placed Plaintiff in a headlock while squeezing and twisting his wrists in the handcuffs.

26. Lieutenant Mitchell then approached Plaintiff and kicked Plaintiff in the face, and subsequently grabbed Plaintiff's leg and began twisting it.

27. At no point during the assault did any Defendant attempt to intervene, stop, or prevent the other Defendants from assaulting Plaintiff.

28. The assault on Plaintiff only stopped when Defendants turned their attention to a different inmate and began to assault him.

29. After the initial assault on Plaintiff ended, he was led from the segregation area to the Menard healthcare unit ("healthcare") while still in handcuffs.

30. As he was led to healthcare, Defendants continued to twist Plaintiff's wrists, kick him, and beat him in the back.

31. Once Plaintiff arrived at healthcare, he immediately requested medical attention from Mental Health Jane Doe.

32. Plaintiff also requested assistance from the Medical Technician, Martha M. Oakley.

33. As Plaintiff requested medical attention in healthcare, a group of Correctional Officer Defendants entered healthcare and began to assault Plaintiff again, punching Plaintiff and kneeing him in the back, face, and head.

34. At no point did Mental Health Worker Jane Doe or Martha Oakley attempt to stop, assist, intervene, or slow the attack on Plaintiff.

35. Plaintiff was then dragged by Defendants from healthcare to the segregation unit, and Defendants continued to assault Plaintiff until he was placed in the shower at segregation.

36. Plaintiff continued to request medical treatment as he was brought back to segregation from healthcare, but Correctional Officer Defendants did not give Plaintiff the opportunity to return to healthcare.

37. Shortly after Plaintiff was returned to his cell, Sergeant Defendants and a Correctional Officer Defendant led Plaintiff from his cell to a room in segregation.

38. Medical Technician Jane Does 1 and 2 were present in the room in segregation and Plaintiff attempted to explain his injuries to them, but he was ignored.

39. Plaintiff was then returned to his cell by Sergeant Defendants and Correctional Officer Defendants, who continued to punch Plaintiff in the back and twist his wrists behind him as Plaintiff requested medical attention.

## COUNT I - CRUEL AND UNUSUAL PUNISHMENT - EXCESSIVE FORCE

40. Plaintiff re-alleges the allegations in paragraphs 1-40 of the Complaint.

41. As a citizen of the United States, Plaintiff has a right under the Constitution to be free from cruel and unusual punishment.

42. Correctional Officer Defendants, including but not limited to Daniel Lee, Shaun Reiman, John Tourville, Robert Hughes, James Malloy, and Lucas Maue, Lieutenant Mitchell, and Sergeant Defendants all acted under the color of state law to deprive Plaintiff of his Constitutional right of freedom from cruel and unusual punishment in more or more of the following ways:

   a. Using excessive force on Plaintiff by tackling him to the ground and handcuffing him;

   b. Punching, beating, and kicking Plaintiff while he was on the ground and handcuffed;

   c. Intentionally twisting Plaintiff's wrists and hands behind his back while he was handcuffed;

   d. Continuing to kick, knee, and beat plaintiff as he was led from recreation to healthcare, while in handcuffs;

   e. Kicking, kneeing, punching and generally assaulting Plaintiff while he was in healthcare, while in handcuffs;

   f. Kicking, kneeing, punching, twisting his wrists, and generally assaulting Plaintiff as he was returned to his cell.

 43. Correctional Officer Defendants, Lieutenant Mitchell, and Sergeant Defendants acted in their individual capacity and are personally responsible for their actions.

 44. Correctional Officer Defendants, Lieutenant Mitchell, and Sergeant Defendants acted maliciously and wantonly to inflict pain upon Plaintiff.

 45. As a direct and proximate result of the actions of Correctional Officer Defendants, Lieutenant Mitchell, and Sergeant Defendants, Plaintiff has suffered physical, mental, and emotional damages.

 46. As a direct and proximate result of Correctional Officer Defendants', Lieutenant Mitchell's, and Sergeant Defendants' actions, Plaintiff has suffered and continues to suffer injury.

 47. As a direct and proximate result of Correctional Officer Defendants', Lieutenant Mitchell's, and Sergeant Defendants' actions, Plaintiff has had his Constitutional rights violated.

 WHEREFORE, Plaintiff Adam Titus respectfully requests monetary damages and any other relief the court deems fair and justified to compensate Plaintiff for the violation of his Constitutional rights and the injuries that he suffered at the hands of Defendants for using

excessive force in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

**COUNT II - CRUEL AND UNUSUAL PUNISHMENT - FAILURE TO INTERVENE**

48. Plaintiff re-alleges the allegations in paragraphs 1-40 of the Complaint.

49. As a citizen of the United States, Plaintiff has a right under the Constitution to be free from cruel and unusual punishment.

50. Correctional Officer Defendants, Lieutenant Mitchell, Sergeant Defendants, Jane Doe Mental Health Worker, Jane Doe Medical Technicians 1 and 2, and Martha M. Oakley all acted under the color of state law to deprive Plaintiff of his Constitutional right of freedom from cruel and unusual punishment in more or more of the following ways:

    a. Failing to prevent, stop, intervene, or cease the assault by Correctional Officer Defendants, Lieutenant Mitchell, and Sergeant Defendants when Plaintiff was assaulted after being led from the gym to the West Cell House;

    b. Failing to prevent, stop, intervene, or cease the assault by Correctional Officer Defendants, Lieutenant Mitchell, and Sergeant Defendants when Plaintiff was assaulted while being led to healthcare while handcuffed;

    c. Failing to prevent, stop, intervene, or cease the assault by Correctional Officer Defendants, Lieutenant Mitchell, and Sergeant Defendants when Plaintiff was assaulted in healthcare while handcuffed;

    d. Failing to prevent, stop, intervene, or cease the assault by Correctional Officer Defendants, Lieutenant Mitchell, and Sergeant Defendants when Plaintiff taken from segregation back to his cell while handcuffed.

51. All Defendants named in this count acted in their personal capacity and are personally responsible for their actions.

52. All Defendants acted deliberately and/or recklessly in failing to intervene in stopping the assault on Plaintiff.

53. As a direct and proximate result of the actions of all Defendants in this count, Plaintiff has suffered physical, mental, and emotional damages.

54. As a direct and proximate result of the actions of all Defendants in this count, Plaintiff continues to suffer injury.

55. As a direct and proximate result of the actions of all Defendants in this count, Plaintiff has had his Constitutional rights violated.

WHEREFORE, Plaintiff Adam Titus respectfully requests monetary damages and any other relief the Court deems fair and justified to compensate Plaintiff for the violation of his Constitutional rights and the injuries that he suffered at the hands of Defendants for failing to intervene while Plaintiff was being assaulted, in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

## COUNT III - CRUEL AND UNUSUAL PUNISHMENT - DELIBERATE INDIFFERENCE

56. Plaintiff re-alleges the allegations from paragraphs 1-40 of the Complaint.

57. As a citizen of the United States, Plaintiff has a right to be free from cruel and unusual punishment.

58. Plaintiff suffered a series of objectively serious physical injuries during the various assaults that required medical attention.

59. Correctional Officer Defendants, Lieutenant Mitchell, Sergeant Defendants, Jane Doe Mental Health Worker, Jane Doe Medical Technicians 1 and 2, Martha M. Oakley, IDOC, and Warden Lashbrook all acted under the color of state law to deprive Plaintiff of his Constitutional right of freedom from cruel and unusual punishment in more or more of the following ways:

  a. Ignoring Plaintiff's repeated cries for help and medical treatment while he was assaulted by Correction Officers;

  b. Ignoring Plaintiff's requests for medical attention and refusing to treat him while he was present at healthcare;

  c. Ignoring Plaintiff's request for medical attention as he was led away from healthcare and returned to his cell;

  d. Refusing to treat Plaintiff's serious medical needs in segregation;

  e. Ignoring Plaintiff's requests for medical attention as he was returned to his cell;

  f. Failing to establish appropriate procedures for aiding an inmate with serious medical needs;

  g. Failing to instruct IDOC employees to recognize when an inmate has serious medical needs.

60. All Defendants named in this count acted in a deliberate and/or reckless manner by ignoring and/or refusing to treat Plaintiff's serious medical needs.

61. As a direct and proximate result of the actions of all Defendants in this count, Plaintiff has suffered physical, mental, and emotional damages.

62. As a direct and proximate result of the actions of all Defendants in this count, Plaintiff continues to suffer injury and damage to his left eye.

63. As a direct and proximate result of the actions of all Defendants in this count, Defendant has had his Constitutional rights violated.

WHEREFORE, Plaintiff Adam Titus respectfully requests monetary damages and any other relief the court deems fair and justified to compensate Plaintiff for the violation of his Constitutional rights and the injuries that he suffered at the hands of Defendants for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

**COUNT IV - BATTERY**

64. Plaintiff re-alleges the allegations in paragraphs 1-40 of the Complaint.

65. Defendants intentionally caused a harmful touching against the Plaintiff on multiple occasions on June 16, 2017, including but not limited to:

   a. Correctional Officer Defendants, including but not limited to Daniel Lee, Shaun Reiman, John Tourville, Robert Hughes, James Malloy, and Lucas Maue Kicking, kneeing, and beating Plaintiff as he was led to the West Cell House;

   b. Lieutenant Mitchell kicking Plaintiff in the face and twisting his arms and legs;

   c. Correctional Officer Defendants kicking, kneeing, and beating Plaintiff as he was led to healthcare in handcuffs;

   d. Correctional Officer Defendants kicking, kneeing, punching, and beating Plaintiff at healthcare in handcuffs;

   e. Correctional Officer Defendants kicking, kneeing, punching, and beating Plaintiff as he was led from healthcare to segregation in handcuffs;

   f. Correctional Officer Defendants and Sergeant Defendants kicking, punching, and twisting Plaintiff's wrists as he was led back to his cell.

66. All Defendants acted in their individual capacity as they caused harmful touching against the Plaintiff.

67. Defendants intended for Plaintiff to be touched in a harmful manner.

68. Plaintiff did not consent to any touching by the Defendants.

69. As a direct and proximate result of Defendants harmful contact, Plaintiff has suffered physical, mental, and emotional damages.

70. As a direct and proximate result of the actions of all Defendants in this count, Plaintiff continues to suffer injury and damage to his left eye.

WHEREFORE, Plaintiff Adam Titus respectfully requests monetary damages and any other relief the court deems fair and just to compensate Plaintiff for damages he suffered as a result of Defendants' intentionally harmful contact against his person.

## **COUNT V - ASSAULT**

71. Plaintiff re-alleges the allegations in paragraphs 1-40 of the Complaint.

72. Defendants caused Plaintiff to fear imminent harmful contact.

73. Defendants caused fear of imminent harmful contact in the Plaintiff on June 16, 2017 in one or more of the following ways:

   a. Correctional Officer Defendants, including but not limited to Daniel Lee, Shaun Reiman, John Tourville, Robert Hughes, James Malloy, and Lucas Maue kicking, kneeing, and beating Plaintiff as he was led to the West Cell House;

   b. Lieutenant Mitchell kicking Plaintiff in the face and twisting his arms and legs;

   c. Correctional Officer Defendants kicking, kneeing, and beating Plaintiff as he was led to healthcare;

   d. Correctional Officer Defendants kicking, kneeing, punching, and beating Plaintiff at healthcare;

   e. Correctional Officer Defendants kicking, kneeing, punching, and beating Plaintiff as he was led from healthcare to segregation;

   f. Correctional Officer Defendants and Sergeant Defendants kicking, punching, and twisting Plaintiff's wrists as he was led back to his cell.

74. All Defendants acted in their individual capacity to cause fear of imminent harmful contact in Plaintiff.

75. Defendants intended that Plaintiff fear imminent harmful contact.

76. Plaintiff did not consent to any actions or conduct of Defendants.

77. As a direct and proximate result of Defendants causing Plaintiff to fear imminent harmful contact, Plaintiff has suffered mental and emotional damages.

WHEREFORE, Plaintiff Adam Titus respectfully requests monetary damages and any other relief the Court deems fair and just in an amount to compensate Plaintiff for damages he suffered as a result of Defendants causing him to fear harmful contact against his person.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by right.

            Respectfully submitted,

            ADAM TITUS


            By: /s/ Joy N. Johns
               One of His Attorneys

Joy N. Johns (ARDC #6317975)
Michael G. Zolfo (ARDC #6330672)
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
(312) 715-5000 | (312) 715-5155 (fax)
joy.johns@quarles.com
michael.zolfo@quarles.com

## CERTIFICATE OF SERVICE

I, Joy N. Johns, an attorney, certify that on **May 2, 2019**, I caused the foregoing **Plaintiff's Second Amended Complaint** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the court.

      /s/ Joy N. Johns